# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ellen Quinn,

                Plaintiff,                **ORDER**

v.                                           Civil No. 09-1372 ADM/RLE

St. Louis County, a municipal
Corporation,

                Defendant.

_____

Joni M. Thome, Esq., and Frances E. Baillon, Esq., Halunen & Associates, Minneapolis, MN, on behalf of Plaintiff.

Thomas E. Marshall, Esq., and V. John Ella, Esq., Jackson Lewis LLP, Minneapolis, MN, on behalf of Defendant.

_____

       This matter is before the undersigned United States District Judge for consideration of two matters raised by Plaintiff Ellen Quinn ("Quinn"): her request [Docket No. 33] for leave to move the Court to reconsider the November 9, 2009 Order [Docket No. 16] dismissing several of her claims, including her breach of contract claim; and her Objections [Docket No. 34] to Chief Magistrate Judge Raymond L. Erickson's March 16, 2010 Order [Docket No. 32], which denied her Motion to Amend Complaint [Docket No. 25].

       The factual background of this litigation is set forth in the Court's November 9, 2009 Order and will not be repeated here. Quinn initiated this action against Defendant St. Louis County ("the County") in May 2009, asserting claims for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01-.41, as well as claims of breach of contract, intentional and negligent infliction of emotional distress, and defamation. Notice of Removal [Docket No. 1], Ex. A (Compl.) ¶¶ 73-103. On November 9, 2009, the Court dismissed Quinn's claims for disability discrimination

under the MHRA (Count II), breach of contract (Count IV), intentional and negligent infliction of emotional distress (Counts V and VI), and defamation (Count VII). Quinn's remaining claims for reprisal under the MHRA (Count I) and her claim for violations of the FMLA (Count III) were not challenged in the dismissal motion decided by the Court on November 9.

On February 18, 2010, Quinn moved to amend her Complaint "to add newly discovered facts and additional facts in support of her claim for constructive discharge or termination and in support of her claim for breach of contract . . . to ensure a proper decision on the merits, [and] to conform the pleadings to the evidence and the court's order." Pl.'s Mem. in Supp. of Mot. to Amend [Docket No. 27] at 1, 5. On March 16, 2010, Judge Erickson ruled that because Quinn's motion to amend was timely under the pretrial scheduling order, the presumption was that leave to amend should be granted. March 26, 2010 Order at 9. However, Judge Erickson concluded that granting leave to amend to include additional factual allegations in support of Quinn's assertion that she was constructively discharged would be futile because the law of the case, as established by this Court's November 9 Order, is that her claim of a constructive discharge was inadequately pleaded and fails as a matter of law. Id. at 11-15. Ten days after Judge Erickson denied Quinn's motion to amend, Quinn filed her Objections and her request for leave to move the Court to reconsider the November 9, 2009 Order.

Permission to make a motion to reconsider "will be granted only upon a showing of compelling circumstances." D. Minn. LR 7.1(h). The standard of review applicable to an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R.

Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996). A decision is "contrary to the law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008).

Quinn's Objections and her request for reconsideration seek essentially the same result. See Req. for Recon. at 1 ("[Quinn] notes that this request and her objections . . . are related and respectfully request that the court consider them together."). In her Objections, Quinn represents that she "seeks to have the . . . Court clarify that it did not intend to preclude [her] from discovering and presenting evidence to support adverse actions taken against her, including constructive discharge," as the constructive discharge theory relates to her reprisal claim under the MHRA and her FMLA claim. Objections at 2. Quinn argues that if the Court agrees with her and so clarifies the effect of the November 9 Order on her constructive discharge theory, she should then be allowed to amend the complaint to resurrect or revive her breach of contract claim. Id. at 2-3. Similarly, in her request for reconsideration, Quinn states the effect of the Court's November 9 decision that she failed to adequately allege a constructive discharge in support of her disability discrimination claim is that she "is now seemingly precluded from presenting evidence" to establish an element of her claim that she was retaliated against for raising complaints of sexual discrimination and harassment, in violation of the MHRA, and her claim that she was retaliated against for asserting her rights under the FMLA. Req. for Recon. at 2. Accordingly, she seeks to have the Court reconsider the dismissal of her breach of contract

3

claim and clarify that she is permitted to present evidence of a constructive discharge in support of her breach of contract claim and her retaliation claims under the MHRA and the FMLA.  Id.

The difficulties Quinn claims she will face in proving her retaliation claims as a result of having twice failed (the original Complaint and the proposed Amended Complaint) to allege sufficient facts in support of her constructive discharge theory as it relates to her disability discrimination claims do not constitute compelling circumstances, as is required by Local Rule 7.1(h).  Quinn's concern that she will be unable to demonstrate an adverse action to support her retaliation claims ignores the fact that other adverse actions are alleged in the Complaint.  Indeed, the November 9 Order specifically noted that the additional alleged adverse actions, although they could not save her disability discrimination claim because there was no causal link between them and her disability, related to her retaliation claims.  To the extent that Quinn is implying that the Court somehow acted prematurely in dismissing her breach of contract claim for failing to plead facts demonstrating the plausibility of that claim based on a theory of constructive discharge or that by that decision, the Court somehow improperly decided matters that were not being challenged in the motion to dismiss, her request for reconsideration strikes the Court as tardy.

There are no compelling circumstances to justify granting Quinn leave to bring a motion for reconsideration, and Quinn has not advanced arguments independent of those raised in support of her request for reconsideration contesting that Judge Erickson's decision was clearly erroneous or contrary to the law.  Accordingly, based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Quinn's request [Docket No. 33] for permission to bring a motion to reconsider is **DENIED** and her Objections [Docket No.

34] are **OVERRULED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 4, 2010.